UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT ASHLAND

CIVIL ACTION NO. 22-9-DLB

KENNETH DANIELS                                                                                    PETITIONER

v.                           MEMORANDUM OPINION AND ORDER

WARDEN, FCI ASHLAND                                                                        RESPONDENT

*** *** *** ***

Kenneth Daniels is an inmate at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without a lawyer, Daniels filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). For the reasons set forth herein, Daniels's Petition is **denied**.

In 2017, Daniels pled guilty to being a felon in possession of a firearm. *See United States v. Daniels*, No. 2:15-cr-00127-BMS, at Doc. # 74 (E.D. Pa. 2015). The district court then determined that Daniels was subject to an enhanced sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), and sentenced him to 180 months in prison. *See id*. Daniels appealed and argued that he was not an armed career criminal, but the United States Court of Appeals for the Third Circuit affirmed his sentence. *See United States v. Daniels*, 915 F.3d 148 (3d Cir. 2019).

Daniels then moved to vacate his sentence pursuant to 28 U.S.C. § 2255. *See Daniels*, No. 2:15-cr-00127-BMS, at Doc. #87. While Daniels's § 2255 motion was still pending, he filed a § 2241 petition with this Court. (Doc. # 1). In his petition, Daniels

argues that his firearm conviction and ACCA-enhanced sentence are no longer valid in light of the United States Supreme Court's decisions in *Rehaif v. United States*, 139 S. Ct. 2191 (2019), and *Shular v. United States*, 140 S. Ct. 779 (2020). Thus, Daniels asks this Court to vacate his sentence.

Daniels's petition, however, constitutes an impermissible collateral attack on his underlying conviction and sentence. Although a federal prisoner may challenge the legality of his conviction and sentence on direct appeal and through a timely § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a habeas petition under § 2241). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the way the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Daniels cannot use his § 2241 petition as a way of challenging his conviction and sentence.

It is true that there are limited exceptions under which federal prisoners have been permitted to challenge the validity of their convictions or sentences in a § 2241 petition. However, the United States Court of Appeals for the Sixth Circuit has explained that a prisoner can only proceed in this manner if he can demonstrate, among other things, that an intervening change in statutory law from the Supreme Court establishes his actual innocence, *see Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2021), or shows that his sentence was improperly enhanced, *see Hill v. Masters*, 836 F.3d 591, 599-600 (6th Cir. 2016). The Sixth Circuit has further explained that the prisoner "must show 'that he had no prior reasonable opportunity to'" present his arguments in his earlier § 2255

proceedings.  *Taylor v. Owens*, 990 F.3d 493, 499 (6th Cir. 2021) (quoting *Wright v. Spaulding*, 939 F.3d 695, 705 (6th Cir. 2019).

Daniels does not meet the foregoing requirements.  While Daniels is relying on two Supreme Court decisions involving interpretations of statutory law, he certainly cannot show he had no prior reasonable opportunity to raise his claims in his § 2255 proceedings.  After all, both Supreme Court cases upon which Daniels now relies were decided before he even filed his § 2255 motion with the trial court.  Plus, Daniels's § 2255 motion remained pending until very recently, even after he already filed his § 2241 petition with this Court.  In short, Daniels clearly had an opportunity to raise his claims in his § 2255 proceedings.

For the foregoing reasons, Daniels's petition constitutes an impermissible collateral attack on his underlying conviction and sentence.  Therefore, this Court may not entertain his § 2241 petition and will dismiss it for lack of subject-matter jurisdiction.  *See Taylor v. Owens*, 990 F.3d 493, 496 (6th Cir. 2021).

Accordingly, it is **ORDERED** that:

(1) Daniels's Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DISMISSED** for lack of subject-matter jurisdiction;

(2) This action is **STRICKEN** from the Court's docket; and

(3) The Court will enter a corresponding Judgment.

This 8th day of February, 2022.



Signed By:
*David L. Bunning* DB
United States District Judge